IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2439-JDT-tmp |
| | ) | |
| C/O FLETCHER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT AND
NOTIFYING PLAINTIFF OF RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On June 29, 2015, Plaintiff Randy Anderson, who is currently incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On June 30, 2015, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

On July 29, 2016, the Court issued an order that dismissed the complaint *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) but granted leave to amend within thirty days. (ECF No. 8.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 13.) However, Plaintiff has not filed an amended

complaint, and the time within which to do so has expired.[1] Therefore, judgment will be entered in accordance with the July 29, 2016, order of dismissal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the third dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is warned that he will be barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Under those circumstances, if any civil action filed by Plaintiff is not accompanied either by the entire $400 civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the complaint will be filed, but Plaintiff

---

[1] Instead of filing an amended complaint, Plaintiff filed a notice of appeal. (ECF No. 9.)

[2] *See Anderson v. Riverbend Maximum Sec. Inst., et al.*, No. 3:15-cv-00005 (M.D. Tenn. Jan. 8, 2015) (dismissed for failure to state a claim), *appeal dismissed*, No. 15-5106 (6th Cir. Jan. 14, 2016), and *Anderson v. Morgan Cnty. Corr. Facility, et al.* No. 3:14-cv-00516-TAV-HBG (E.D. Tenn. Nov. 17, 2015) (dismissed for failure to state a claim), *appeal docketed*, No. 15-6344 (6th Cir. Dec. 7, 2015).

will be required to remit the full civil filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is further cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.