IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2439-JDT-tmp |
| | ) | |
| C/O FLETCHER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND ASSESSING $505 APPELLATE FILING FEE PURSUANT TO PLRA

On August 15, 2016, the *pro se* Plaintiff, Randy Anderson, Tennessee Department of Correction prisoner number 231018, who is incarcerated at the Northeast Correctional Complex ("NECX") in Mountain City, Tennessee, filed a notice of appeal (ECF No. 9) from the Court's July 29, 2016, order dismissing the complaint but granting leave to amend (ECF No. 8). On August 16, 2016, the Court ordered Plaintiff to submit, within 30 days, either the entire $505 appellate filing fee or an updated *in forma pauperis* affidavit and a current copy of his inmate trust account statement. (ECF No. 10.) Plaintiff submitted the required information on August 29, 2016. (ECF No. 13.) On September 1, 2016, the Court issued an order noting that Plaintiff had failed to file an amended complaint within the time allotted (ECF No. 14); therefore, judgment was entered in accordance with the July 29th order of dismissal (ECF No. 15).

Under the PLRA, a prisoner seeking to file an appeal must pay the $505 appellate filing fee in full. Although the obligation to pay the filing fee accrues at the moment the appeal is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. In this case, Plaintiff has now properly submitted the information required by the PLRA. Therefore, leave to appeal *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to § 1915(b)(1), it is ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from the Plaintiff's account and pay to the Clerk of Court

monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $505 filing fee is paid.

Each time that the trust account officer makes a payment to the Clerk of Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 167 N. Main St., Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name, inmate number, and the case number on the first page of this order.

The Plaintiff shall cooperate with prison officials in the making of these payments. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address and provide the officials at the new prison with a copy of this order. The Clerk is directed to mail copies of this order to the prison official in charge of prison trust fund accounts at the NECX and to the Warden of the NECX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. The Clerk shall also notify the Sixth Circuit of the entry of this order.

IT IS SO ORDERED.

                                 s/ **James D. Todd**
                                 JAMES D. TODD
                                 UNITED STATES DISTRICT JUDGE